```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              CHARLOTTE DIVISION
                 3:01CV627-MU
```

| | |
|---|---|
| WILLIE LEE BERRY,        )  |   |
|     Plaintiff,            )  |   |
|                        )  |   |
|     v.                   )  | ORDER |
|                        )  |   |
| M. TIMOTHY PORTERFIELD,  )  |   |
|   Private Attorney,      )  |   |
|     Defendant.           )  |   |
| _____)  |   |

**THIS MATTER** comes before the Court o Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b)(4) (document # 4), filed September 10, 2007; and on his so called "Motion Day" (document # 5), filed September 2, 2008.

The record of this matter reflects that on November 19, 2001, Plaintiff filed a Complaint under 42 U.S.C. § 1983 against his former attorney, setting forth allegations which sounded in legal malpractice. This Court, recognizing that such allegations were not cognizable under § 1983, dismissed the action for Plaintiff's failure to state a claim for relief. The Court also noted that Plaintiff's vague allegations of a conspiracy were too insubstantial to state a claim. Plaintiff's Complaint was dismissed by Order of November 29, 2001.

Nearly seven years later, on September 10, 2007, Plaintiff filed his Rule 60(b)(4) Motion taking issue with this Court's determinations. In particular, Plaintiff took issue with this Court's construction of his claim as alleging legal malpractice.

Instead, Plaintiff contends the Court should have construed his claim solely as alleging an unlawful conspiracy in violation of his constitutional rights. Further, Plaintiff argues the fact that Defendant was sanctioned by the North Carolina Board of Professional Responsibility for the conduct about which Plaintiff complained should have been sufficient proof for this Court. Thus, Plaintiff's asks that this Court vacate its Judgment as void due to this Court's alleged "usurpation of power . . . ." .

Notwithstanding his belief to the contrary, however, Plaintiff's Motion must be denied. Indeed, Plaintiff has not argued any matter which reasonable could support a conclusion that this Court's Judgment was void. That is, Plaintiff's arguments fail to establish that this Court lacked personal or subject matter jurisdiction, or that it acted in a manner inconsistent with due process of law. See <u>Eberhardt v. Iintegrated Design & Constru., Inc</u>., 167 F.3d 861, 871 (4th Cir. 1999 (identifying the standard); <u>Baumlin & Ernst, Ltd. V. Gemini, Ltd.</u>, 637 F.2 238, 241-42 (4th Cir. 1980) (noting that an "[e]rror . . . does not make the judgment void" under Rule 60(b)(4). Rather, Plaintiff's arguments are aimed solely at demonstrating that the Court's decision to dismiss his Complaint simply was wrong. Thus, inasmuch as Rule 60(b)(4) simply cannot be used as a substitute for a timely appeal, this Motion will be denied. <u>Bell v. United States</u>, 521 F. Supp.2d 462, 464 (D. Md. 2007) (noting that Rule 60(b)(4) motion cannot be used in lieu of direct appeal).

**NOW, THEREFORE, IT IS ORDERED:**

1. That Plaintiff's Rule 60(b)(4) Motion (document # 4) is **DENIED;** and

2. That Plaintiff's so-called "Motion Day" (document # 5), by which he presumably was seeking a ruling on his Rule 60(b)(4) Motion, is **DISMISSED as moot.**

**SO ORDERED.**

Signed: October 14, 2008

Graham C. Mullen
United States District Judge